IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION,<br><br>    Plaintiff,<br><br>  v.<br><br>CARLOS MARTINEZ,<br><br>    Defendant.<br>_____/ | No. C 12-1249 CW<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND REMANDING COMPLAINT |

Defendant Carlos Martinez applies for leave to proceed in forma pauperis (IFP) to remove this action from state court. The matter was decided on the papers. Having considered all of the papers filed by Defendant, the Court GRANTS the application to proceed IFP and remands the action for lack of subject matter jurisdiction.

## DISCUSSION

A court may authorize a defendant to defend an action in federal court without prepayment of fees or security if the defendant submits an affidavit showing that he or she is unable to pay such fees or provide such security. See 28 U.S.C. § 1915(a). Defendant has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable him to defend the action. Accordingly, his application to proceed without the payment of the filing fee is GRANTED.

The Court's grant of Defendant's application to proceed IFP, however, does not mean that he may defend this action in federal

court. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). United States district courts are courts of limited jurisdiction. Such courts have subject matter jurisdiction only if the case or controversy before them fits into one of the particular categories of jurisdiction enacted by Congress. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). A court may remand an action sua sponte if it concludes that it lacks subject matter jurisdiction. Booker v. Yates, 2009 WL 111671, *2 (E.D. Cal.).

Defendant seeks to remove this state law unlawful detainer action from state court based upon federal question jurisdiction under 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386 (1987)). A federal defense is not part of a plaintiff's properly pleaded statement of his or her claim. Id. (citing Metropolitan

2

Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)).  A case, therefore, may not be removed to the federal court based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. Of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983); Rivet, 522 U.S. at 475.

This removed case is a residential unlawful detainer action following a judicial foreclosure.  It contains one cause of action for unlawful detainer, which arises exclusively under state law.  In his notice of removal, Defendant argues that federal question jurisdiction exists because Plaintiff has violated the federal Protecting Tenants at Foreclosure Act of 2009 which "raises questions as to what rights tenants have because of the effect of foreclosure."  Because the only possible federal issue in this case involves a defense, federal question jurisdiction is lacking.

Because the Court lacks subject matter jurisdiction over this case, it is remanded.

## CONCLUSION

For the foregoing reasons Plaintiff's IFP application is granted.  The case is remanded.

IT IS SO ORDERED.

Dated:  4/16/2012

CLAUDIA WILKEN
United States District Judge